IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **Touchscreen Gestures LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Samsung Electronics Co., Ltd.,**<br>**Samsung Electronics America, Inc., and**<br>**Samsung Telecommunications America, LLC,**<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Touchscreen Gestures, LLC as and for its Complaint against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, (referred to collectively as "Samsung" in the singular or "Defendants" in the plural), demand a trial by jury and allege as follows:

### PARTIES

1. Plaintiff Touchscreen Gestures, LLC is a Texas Limited Liability Company.

2. On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Ltd.") is a Republic of Korea limited company with its principal place of business in 250, 2-ga, aepyong-ro, Jung-gu, Seoul 100-742, Korea. On information and belief, Samsung Electronics Co., Ltd. regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b). Samsung Ltd. may be served with process in Taiwan pursuant

1

to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).

3. On information and belief, Defendant Samsung Electronics America, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 105 Challenger Road Ridgefield Park, NJ 07660. This defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process. Samsung Electronics America, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units. On information and belief, Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Ltd. and serves as a representative of Samsung Ltd. for purposes of conducting business in the United States.

4. Samsung Telecommunications America, L.L.C. is a Texas limited liability company with its principal place of business in Richardson, Texas. This defendant has appointed Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process. Samsung Telecommunications America, L.L.C. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units. On information and belief, Samsung Telecommunications America, L.L.C. is a wholly owned subsidiary of Samsung Ltd. and serves as a representative of Samsung Ltd. for purposes of conducting business in the United States.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, Samsung has transacted business in this district, and has committed acts of patent infringement in this district, by the making, using and/or selling of touch screen devices including those devices commonly referred to as "smartphones" and "tablets."

7. On information and belief, Samsung is subject to this Court's general and specific personal jurisdiction because: Samsung has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Samsung has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Samsung regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Touchscreen Gestures, LLC's causes of action arise directly from Samsung's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,184,031

8. Touchscreen Gestures, LLC is the owner of all rights, title and interest to United States Patent Nos. 7,184,031 ("the '031 Patent") entitled "Method and Controller for Identifying a Drag Gesture." The '031 Patent was issued on February 27, 2007 after a full and fair

examination by the United States Patent and Trademark Office. The application leading to the '031 Patent was filed on July 6, 2004. Attached as Exhibit "A" is a copy of the '031 Patent.

9.  The '031 Patent is generally directed to novel, unique and non-obvious methods, controllers and gesture units for identifying a drag gesture on a touch device, such as smartphone or tablet.

10. On information and belief, Samsung has been and now is infringing the '031 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell touch devices that incorporate methods, controllers and gesture units according to the '031 Patent. On information and belief, examples of Samsung products that infringe the '031 Patent include, but are not limited to, the "Galaxy" line of smartphones and the "Galaxy" line of tablets which allow the identification of drag gestures via methods, controllers and gestures units that infringe claims of the '031 Patent. Samsung is thus liable for infringement of the '031 Patent pursuant to 35 U.S.C. § 271.

11. To the extent that facts learned in discovery show that Samsung's infringement of the '031 Patent is or has been willful, Touchscreen Gestures, LLC reserves the right to request such a finding at time of trial.

12. As a result of Samsung's infringement of the '031 Patent, Touchscreen Gestures, LLC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Samsung's infringing activities are enjoined by this Court.

13. Unless a permanent injunction is issued enjoining Samsung and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '031 Patent, Touchscreen Gestures, LLC will be greatly and irreparably harmed.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,180,506

14. Touchscreen Gestures, LLC is the owner of all rights, title and interest to United States Patent Nos. 7,180,506 ("the '506 Patent") entitled "Method for Identifying a Movement of Single Tap on a touch Device." The '506 Patent was issued on February 20, 2007 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '506 Patent was filed on February 12, 2004. Attached as Exhibit "B" is a copy of the '506 Patent.

15. The '506 Patent is generally directed to novel, unique and non-obvious methods and controllers of identifying a movement of single tap which is a movement done with at least an object contacting a touch device, such as smartphone or tablet.

16. On information and belief, Samsung has been and now is infringing the '506 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell touch devices that incorporate methods, controllers and gesture units according to the '506 Patent. On information and belief, examples of Samsung products that infringe the '506 Patent include, but are not limited to, the "Galaxy" line of smartphones and the "Galaxy" line of tablets which allow the identification of a movement of single tap which is a movement done with at least an object contacting a touch device and which therefore infringe claims of the '506 Patent. Samsung is thus liable for infringement of the '506 Patent pursuant to 35 U.S.C. § 271.

17. To the extent that facts learned in discovery show that Samsung's infringement of the '506 Patent is or has been willful, Touchscreen Gestures, LLC reserves the right to request such a finding at time of trial.

18. As a result of Samsung's infringement of the '506 Patent, Touchscreen Gestures, LLC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Samsung's infringing activities are enjoined by this Court.

19. Unless a permanent injunction is issued enjoining Samsung and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '506 Patent, Touchscreen Gestures, LLC will be greatly and irreparably harmed.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,190,356

20. Touchscreen is the owner of all rights, title and interest to United States Patent Nos. 7,190,356 ("the '356 Patent") entitled "Method and Controller for Identifying Double Tap Gestures." The '356 Patent was issued on March 13, 2007 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '356 Patent was filed on February 12, 2004. Attached as Exhibit "C" is a copy of the '356 Patent.

21. The '356 Patent is generally directed to novel, unique and non-obvious methods and controllers of identifying double tap gestures on a touch device movement of single tap which is a movement done with at least an object contacting a touch device, such as smartphone or tablet.

22. On information and belief, Samsung has been and now is infringing the '356 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by

making, using, importing, selling or offering to sell touch devices that incorporate methods and controllers according to the '356 Patent. On information and belief, examples of Samsung products that infringe the '356 Patent include, but are not limited to, the "Galaxy" line of smartphones and the "Galaxy" line of tablets which allow the identification of double tap gestures on a touch device and which therefore infringe claims of the '356 Patent. Samsung is thus liable for infringement of the '356 Patent pursuant to 35 U.S.C. § 271.

23. To the extent that facts learned in discovery show that Samsung's infringement of the '356 Patent is or has been willful, Touchscreen Gestures, LLC reserves the right to request such a finding at time of trial.

24. As a result of Samsung's infringement of the '356 Patent, Touchscreen Gestures, LLC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Samsung's infringing activities are enjoined by this Court.

25. Unless a permanent injunction is issued enjoining Samsung and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '356 Patent, Touchscreen Gestures, LLC will be greatly and irreparably harmed.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,319,457

26. Touchscreen Gestures, LLC is the owner of all rights, title and interest to United States Patent Nos. 7,319,457 ("the '457 Patent") entitled "Method of Scrolling Window Screen by Means of Controlling Electronic Device." The '457 Patent was issued on January 15, 2008 after a full and fair examination by the United States Patent and Trademark Office. The

application leading to the '457 Patent was filed on February 12, 2004.  Attached as Exhibit "D" is a copy of the '457 Patent.

27. The '457 Patent is generally directed to novel, unique and non-obvious methods and electronic devices of scrolling a window screen, such as those on a smartphone or tablet.

28. On information and belief, Samsung has been and now is infringing the '457 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell touch devices that incorporate methods and electronic devices according to the '457 Patent.  On information and belief, examples of Samsung products that infringe the '457 Patent include, but are not limited to, the "Galaxy" line of smartphones and the "Galaxy" line of tablets which allow users to scroll window screens of a touch device and which therefore infringe claims of the '457 Patent.  Samsung is thus liable for infringement of the '457 Patent pursuant to 35 U.S.C. § 271.

29. To the extent that facts learned in discovery show that Samsung's infringement of the '457 Patent is or has been willful, Touchscreen Gestures, LLC reserves the right to request such a finding at time of trial.

30. As a result of Samsung's infringement of the '457 Patent, Touchscreen Gestures, LLC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Samsung's infringing activities are enjoined by this Court.

31. Unless a permanent injunction is issued enjoining Samsung and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '457 Patent, Touchscreen Gestures, LLC will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Touchscreen Gestures, LLC respectfully requests that this Court enter:

A. A judgment in favor of Touchscreen Gestures, LLC that Samsung has infringed the '031 Patent, the '506 Patent, the '356 Patent, and the '457 Patent, and that such infringement was willful;

B. A permanent injunction enjoining Samsung and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '031 Patent, the '506 Patent, the '356 Patent, and the '457 Patent;

C. A judgment and order requiring Samsung to pay Touchscreen Gestures, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for Samsung infringement of the '031 Patent, the '506 Patent, the '356 Patent, and the '457 Patent as provided under 35 U.S.C. § 284;

D. An award to Touchscreen Gestures, LLC for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Touchscreen Gestures, LLC its reasonable attorneys' fees; and

F. Any and all other relief to which Touchscreen Gestures, LLC may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Touchscreen Gestures, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 11, 2012                                      Respectfully submitted,

**TOUCHSCREEN GESTURES, LLC**

/s/ Winston O. Huff

Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Arthur I. Navarro
State Bar No. 24068745
Navarro Huff, PLLC
302 N. Market, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
214.749.1233 (Fax)
whuff@navarrohuff.com
anavarro@navarrohuff.com

ATTORNEYS FOR PLAINTIFF
TOUCHSCREEN GESTURES, LLC

**CERTIFICATE OF FILING**

  I hereby certify that on April 11, 2012 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

          Respectfully submitted,

          /s/ Winston O. Huff

          Winston O. Huff, Attorney in Charge
          State Bar No. 24068745
          Arthur I. Navarro
          State Bar No. 24068745
          Navarro Huff, PLLC
          302 N. Market, Suite 450
          Dallas, TX 75202
          214.749.1220 (Firm)
          214.749.1233 (Fax)
          whuff@navarrohuff.com
          anavarro@navarrohuff.com

          ATTORNEYS FOR PLAINTIFF
          TOUCHSCREEN GESTURES, LLC